ORIGINAL

# In the United States Court of Federal Claims

(Pro Se)
(Not for Publication)

|  |  |
|---|---|
| BRANDON JAYMS BOWERSOX, ) | No. 18-750C |
| ) | (Filed: September 7, 2018) |
| Plaintiff, ) |  |
| ) | FILED |
| v. ) | SEP -7 2018 |
| ) | U.S. COURT OF |
| THE UNITED STATES OF AMERICA, ) | FEDERAL CLAIMS |
| ) |  |
| Defendant. ) |  |

*Brandon Jayms Bowersox*, Springhill, TN, Plaintiff pro se.

*Richard P. Schroeder*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant, with whom were *Douglas K. Mickle*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, and *Chad A. Readler*, Acting Assistant Attorney General.

## OPINION AND ORDER

**KAPLAN, Judge.**

Brandon Bowersox, a former member of the United States Army, has filed a pro se complaint challenging aspects of his discharge from the Army. He primarily complains about the discharge status and code the Army assigned, but he also appears to challenge the discharge itself. The government has filed a motion to dismiss, asserting that the Court lacks subject matter jurisdiction over Mr. Bowersox's claims. Mr. Bowersox has not filed a response to the government's motion. For the reasons set forth below, the government's motion is **GRANTED** and Mr. Bowersox's complaint is **DISMISSED** without prejudice.

## BACKGROUND[1]

Mr. Bowersox began serving on active duty in the United States Army on September 17, 2008. Compl. at 2, Docket No. 1. In July 2009, he was admitted to a hospital for "Cannabis,

---

[1] The Court relies upon the allegations in Mr. Bowersox's complaint for purposes of this opinion. In deciding a motion to dismiss, the court accepts as true all undisputed facts in the pleadings and draws all reasonable inferences in favor of the plaintiff. Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011).

Alcohol and prescription abuse." Id. In August 2009, he was discharged from the hospital after completing a rehabilitation program. Id.

Less than a month later, however, Mr. Bowersox was admitted to another hospital for similar issues. See id. At that time, Mr. Bowersox had apparently been participating in a substance abuse program run by the Army. See id. As a result of his second hospitalization, the Army concluded that Mr. Bowersox had failed the program. Id. It thus discharged Mr. Bowersox from the Army on November 16, 2009, "as an Alcohol Rehabilitation Failure." Id. His discharge status was "General, Under Honorable Conditions with a separation code of JPD, RE Code 4." Id.

After his discharge, Mr. Bowersox submitted an application to the Army Board for Correction of Military Records (ABCMR), seeking correction of the Army's description of his discharge. See id. As a result, the ABCMR corrected his records to reflect a "Drug Abuse" discharge rather than "Alcohol Rehabilitation Failure." Id. Afterward, Mr. Bowersox filed additional applications with the ABCMR and the Army Discharge Review Board, apparently challenging other aspects of his discharge. See id. On January 8, 2015, he received a final decision from the ABCMR denying his requests. Id.

On May 25, 2018, Mr. Bowersox filed a complaint here. He characterizes his complaint as an "appeal" of the ABCMR's January 8, 2015 decision. Id. at 1. But Mr. Bowersox also states that he "challenges the decision to separate him from the US Army with a discharge of General, Under Honorable Conditions." Id. As relief, Mr. Bowersox seeks "an upgrade to an Honorable Discharge, RE Code Changed to 1, narrative discharge reason change[d] to for the convenience of the government," as well as "backpay and damages in the amount of $100,000." Id. at 3.

On July 24, 2018, the government filed a motion to dismiss for lack of subject matter jurisdiction. Docket No. 5. It asserts that any claims relating to Mr. Bowersox's discharge are time-barred by the statute of limitations, and that absent any valid money-mandating claim, his requests for equitable relief (in the form of a change in his discharge code) are outside the Court's jurisdiction. Mr. Bowersox's response was due August 21, 2018, but he has failed to file one.

## DISCUSSION

Mr. Bowersox's complaint primarily focuses upon the characterization and coding of his discharge. But at bottom, his complaint is a challenge to the discharge itself and he seeks back pay as a consequence. That challenge, however, is barred by the statute of limitations and beyond the subject matter jurisdiction of this Court.[2]

---

[2] It is well established that complaints that are filed by pro se plaintiffs, like this one, are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Nonetheless, even pro se plaintiffs must persuade the court that jurisdictional requirements have been met. Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (per curiam).

The statute of limitations governing claims in this court provides that "[e]very claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. "A cause of action cognizable in a Tucker Act suit accrues as soon as all events have occurred that are necessary to enable the plaintiff to bring suit, i.e., when 'all events have occurred to fix the Government's alleged liability, entitling the claimant to demand payment and sue here for his money.'" Martinez v. United States, 333 F.3d 1295, 1303 (Fed. Cir. 2003) (en banc) (quoting Nager Elec. Co. v. United States, 368 F.2d 847, 851 (Ct. Cl. 1966)). In military discharge cases such as this one, the Federal Circuit has "long held that the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge." Id. "That is, the claim accrues 'at one time, once and for all,' on the date of the discharge." Id. at 1304 (quoting Mathis v. United States, 391 F.2d 938, 939 (Ct. Cl. 1968)).

Here, Mr. Bowersox was discharged on November 16, 2009. Compl. at 2. He did not file his complaint until May 25, 2018, more than eight-and-a-half years later. See id. at 1. Accordingly, his claims are barred by the statute of limitations.

Mr. Bowersox seeks to avoid this conclusion by pointing to his filings with the ABCMR and noting that his complaint was filed within six years of the ABCMR's decision. See id. But the en banc Federal Circuit addressed this precise argument in Martinez. The court stated that it "and the Court of Claims have frequently addressed and rejected the argument that the cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board and the correction board enters a final decision denying relief." Martinez, 333 F.3d at 1304. The reason, the court noted, is because "the correction boards have been regarded as a permissive administrative remedy and that an application to a correction board is therefore not a mandatory prerequisite to filing a Tucker Act suit challenging [a] discharge." Id. As a result, "a plaintiff's invocation of a permissive administrative remedy does not prevent the accrual of the plaintiff's cause of action, nor does it toll the statute of limitations pending the exhaustion of that administrative remedy." Id. Moreover, the cause of action does not "accrue for a second time" when a corrections board refuses to grant relief. Id. at 1311. The claim for money damages stems from the discharge, not any action by a correction board. Id.; see also id. at 1310 (holding that the "cause of action for recovery of the monetary losses . . . suffered as a result of . . . discharge from active duty, and for the ancillary equitable relief . . . accrue[] on the date of . . . discharge" (emphasis added)).

Accordingly, Mr. Bowersox's complaint, challenging various aspects of a discharge that took place nearly nine years ago, is barred by the statute of limitations. It is therefore **DISMISSED** for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons set forth above, the government's motion to dismiss is **GRANTED** and Mr. Bowersox's complaint is **DISMISSED** without prejudice. The Clerk's Office is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

_____
ELAINE D. KAPLAN
Judge